501 P.2d 1204

**STATE of Arizona, Appellee,**

v.

**Billie BOWENS, Appellant.**

**No. I CA–CR 427.**

Court of Appeals of Arizona,
Department A,
Division 1.

Oct. 19, 1972.

———◆———

Gary K. Nelson, Atty. Gen., by Louis A. Moore, Jr., Asst. Atty. Gen., for appellee.

Billie Bowens, in pro. per.

STEVENS, Presiding Judge.

The appellant, Billie Bowens, herein referred to as the defendant, was initially charged with the offense of robbery. The information was filed after a preliminary hearing. In the Superior Court an amended information was filed charging the defendant with an assault with the intent to commit robbery. It was to the latter charge that he plead guilty. Thereafter he was adjudged guilty and sentenced to the Arizona State Prison. The defendant appealed and the Public Defender was appointed to represent him.

The Public Defender filed an ANDERS brief, the most serious point being the record's silence as to the finding of a factual basis for the plea and the judgment. This Court permitted the Public Defender to withdraw and afforded the defendant the opportunity of urging other matters. The defendant failed to avail himself of the opportunity. The State filed its answering brief and after the defendant's time to reply thereto had expired, no reply being presented, the Court considered the merits of the appeal.

An examination of the record supported the Public Defender's position that the record was silent as to the trial court's finding of a factual basis. On the Court's own motion it was ordered suspending the appeal to permit an enlargement of the record. State v. Tritle, 16 Ariz.App. 45, 490 P.2d 1173 (1971).

Thereafter the record was enlarged to show the factual basis supported by the probation officer's report. The factual basis is adequately supported by the report-er's transcript of the preliminary hearing which was of record in the Superior Court prior to the entry of the plea of guilty.

This Court has examined the other suggestions made by the Public Defender and has examined the record for fundamental error pursuant to A.R.S. § 13–1715.

Based upon our overall review of this case, it is

Affirmed.

CASE and DONOFRIO, JJ., concur.